IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY S. SMITH and<br>JULIE S. MCGEE, et al.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TRIAD OF ALABAMA, LLC,<br>d/b/a FLOWERS HOSPITAL;<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO:<br>)<br>) 1:14-CV-00324<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RENEWED MOTION TO DISMISS

COMES NOW Defendant, Triad of Alabama, LLC d/b/a Flowers Hospital ("Flowers Hospital" or "Hospital"), and pursuant to Rule 12(b)(1), Fed. R. Civ. Pro., moves this honorable Court for an Order dismissing this case for lack of standing, or in the alternative, dismissing certain claims in the Second Amended Complaint under Rule 12(b)(6). For the following reasons, set forth in detail in *Defendant's Memorandum Brief in Support of Motion to Dismiss* which is being filed contemporaneously herewith, no genuine issue of material fact exists and Defendant is entitled to dismissal as a matter of law:

　　1.　Because Plaintiffs' Second Amended Complaint fails to allege facts that would establish that Plaintiffs have suffered an injury in fact that is fairly traceable to the Hospital, Plaintiffs lack standing to bring the claims they assert.

2. Because a HIPAA violation does not create a private cause of action, nor provide a dispositive standard of care, Plaintiffs' negligence per se claim is due to be dismissed.

3. Because the Hospital did not publish any of Plaintiffs' personal information, nor did the Hospital invade Plaintiffs' area of seclusion, the Second Amended Complaint fails to state a valid claim of "invasion of privacy."

4. Because there is no consideration or mutual assent for an alleged breach of a notice required by federal law, the breach of contract count fails to state a claim upon which relief can be granted.

In addition to its *Memorandum Brief in Support of Motion to Dismiss,* Defendant relies on all pleadings in this action, as well as the following evidentiary submissions:

   Exhibit A.   Flowers Hospital's Privacy Policy referenced in the Amended Complaint

WHEREFORE, premises considered, Defendant respectfully requests this Honorable Court enter an Order dismissing this case under Rule 12(b)(1) or in the alternative, dismiss certain claims the Second Amended Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ *Jonathan W. Macklem*
Richard E. Smith (ASB-6536-M69R)
Jonathan W. Macklem (ASB-9089-H64M)
J. Paul Zimmerman (ASB-8707-I53J)
Attorneys for Defendant,
Triad of Alabama LLC, d/b/a
Flowers Hospital

**OF COUNSEL:**
CHRISTIAN & SMALL LLP
505 20th Street North
Suite 1800 Financial Center
Birmingham, AL 35203
Telephone: (205) 795-6588

## CERTIFICATE OF SERVICE

I hereby certify that I have this date, using the CM/ECF filing system which will send notification of such filing, served a copy of the foregoing pleading upon all counsel of record on this the 14th day of October, 2014:

>M. Adam Jones
>Jordan S. Davis
>M. Adam Jones & Associates, LLC
>206 N. Lena St.
>Dothan, AL 36303-4429


>James Michael Terrell
>McCallum Methvin & Terrell PC
>2201 Arlington Avenue South
>Birmingham, AL 35205

/s/ Jonathan W. Macklem
OF COUNSEL