# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY S. SMITH, ) | |
| JULIE S. MCGEE, ) | |
| ADAM PARKER, ) | |
| SANDRA W. HALL, and ) | |
| JACK WHITTLE, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-324-WKW-PWG |
| ) | |
| TRIAD OF ALABAMA, LLC, ) | |
| ) | |
|     Defendant. ) | |

## ORDER

In its Motion to Dismiss, Defendant raises, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the issue of whether Plaintiffs have alleged an injury sufficient to confer standing and bring this case within the subject matter jurisdiction of this court as well as several issues going to the merits of Plaintiffs' claims. (Docs. 26 & 27). Because it is a threshold matter, the court must first assure itself of subject matter jurisdiction before reaching issues touching the merits of the claims. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Univ. of S. Ala. v. The Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). *Accord. Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981).

Subject matter jurisdiction can arise from the infringement of rights originating from any of three sources: the Constitution, common law, or federal statutes. Erwin Chemerinsky, *Federal Jurisdiction* § 2.3, at 67 (6th ed. 2012). The third source is the most pertinent to Plaintiffs' claims. It is well-settled that "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute." *Warth v. Seldin*, 422 U.S. 490, 514 (1975). In keeping with that rule, Plaintiff asserts federal jurisdiction pursuant to 28 U.S.C. § 1331 and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc. 25).

In its Motion to Dismiss, Defendant questions whether Plaintiffs have alleged an injury-in-fact. (Doc. 27 at 4-10). In the second Amended Complaint, Plaintiffs allege a statutory injury - that is, an injury arising from violation of a statutory right. (Doc. 25 at ¶ 10). However, the parties do not clearly address the injury-in-fact requirement in light of Plaintiffs' pleading of FCRA claims. (*See generally* Docs. 26, 27, 29, and 30). They brush over the question of whether Plaintiffs have suffered an actual injury in favor of asserting or denying the risk of future harm. (*Id.*). Additionally, neither party addresses whether the Plaintiffs' complaint makes sufficient allegations of an injury-in-fact under the FCRA to confer standing. Because Plaintiff has sought original jurisdiction solely under 28 U.S.C. § 1331

2

through the FCRA, this issue is potentially dispositive of the case.

Accordingly, it is **ORDERED** that the parties shall file supplemental briefing on the issue of whether Plaintiffs have sufficiently alleged statutory standing[1] under the FCRA in their second Amended Complaint (Doc. 25).  The briefs will be limited to not more than 10 pages and shall be filed on or before the following dates:

- Defendant shall file its supplemental brief on or before **May 15, 2015**.

- Plaintiffs shall file their supplemental brief on or before **May 22, 2015**.

There will be no additional briefing after May 22, 2015.

**DONE** and **ORDERED** this 1st day of May, 2015.

/s/ Paul W. Greene
United States Magistrate Judge

---

[1] It is well established that the court may raise the issue of statutory standing *sua sponte*. *See United States v. $114,031.00 in U.S. Currency*, 284 F. App'x 754, 755-56 (11th Cir. 2008) (taking up the issues of constitutional and statutory standing *sua sponte*). *See also Director, Office of Workers' Comp. Programs, Dep't of Labor v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122 (1995) (unanimously affirming federal circuit court that sua sponte raised issue of statutory standing); *Smith v. Casey*, 741 F.3d 1236 (11th Cir. 2014) (discussing the issue of statutory standing that was first raised by the district court *sua sponte*); *In re Ryan*, No. 11-8036-CIV, 2011 WL 1375865 (S.D. Fla. April 12, 2011). *See also Ass'n of Battery Recyclers, Inc. V. Envtl. Prot. Agency*, 716 F.3d 667 (D.C. Cir. 2013) ("[E]ven if we were not *required* to consider statutory standing *sua sponte*, we would still have the *authority* to do so under *U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 447, 113 S.Ct. 2173, L. Ed. 2d 402 (1993)...."); *Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 34 F. Supp. 3d 465 (D.N.J. 2014) (raising the issue of statutory standing *sua sponte* in the antitrust context); *Figuero v. Astrue*, C.A. No. C-10-393, 2011 WL 3502394 (S.D. Tex. July 19, 2011) (raising *sua sponte* the issue of statutory standing to appeal).