IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY S. SMITH, JULIE S. McGEE, ADAM PARKER, SANDRA W. HALL, and JACK WHITTLE, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:14-CV-324-WKW [WO] |
| TRIAD OF ALABAMA, LLC, d/b/a FLOWERS HOSPITAL, | ) ) ) | |
| Defendant. | ) | |

# **ORDER**

Five Plaintiffs bring this putative class action against Defendant Triad of Alabama, LLC, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, and state law claims for negligence, wantonness, negligence *per se*, invasion of privacy, and breach of contract. Plaintiffs were patients of Flowers Hospital, and their claims arise from a third party's theft of data, which was entrusted to Defendant and contained their personally identifiable information and personal health information.

Defendant moved to dismiss the FCRA and state-law claims for lack of standing. It also moved to dismiss three of the state-law claims (negligence *per se*, invasion of privacy, and breach of contract) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6). Pursuant to a referral under 28 U.S.C. § 636, the Magistrate Judge entered a Recommendation on the motion to dismiss, finding that Plaintiffs have alleged Article III standing, that Plaintiffs have stated a claim for negligence *per se* and breach of contract, but that Plaintiffs have not stated a claim for invasion of privacy. Accordingly, the Magistrate Judge recommends that the court grant Defendant's motion to dismiss in part and deny it in part. (Doc. # 39.)

Defendant has lodged three objections to the findings in the Recommendation, and the court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

Defendant initially argues that Plaintiffs are required to allege in non-conclusory terms that they have suffered "monetary damages" and that the Second Amended Complaint's allegations are insufficient to allege a cognizable injury for

2

standing purposes. But the court finds that the Recommendation correctly applies binding case law to find that Plaintiffs adequately have alleged standing.

"At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice" because at the motion-to-dismiss stage, the court must "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Of particular pertinence, in *Resnick v. Avmed, Inc.*, 693 F. 3d 1317 (11th Cir. 2012), the plaintiffs, whose social security numbers and other personal data were obtained from unencrypted laptops stolen from their health care services provider, "allege[d] that they ha[d] become victims of identity theft and ha[d] suffered monetary damages as a result." 693 F.3d at 1323. The Eleventh Circuit held that those allegations "constitute[d] an injury in fact" for purposes of Article III standing. *Id.*

Similarly, as explained in the Recommendation, Plaintiffs allege that they have become the victims of actual identity theft in that their information has been used for the filing of fraudulent tax returns, and they set out specific ways in which they have suffered quantifiable monetary losses as a consequence of the identity theft. (*See* Doc. # 39, at 14–16.) Defendant's contention that more is required

when the Complaint's demonstration of standing is challenged does not find support in either *Lujan* or *Resnick*. The district court decisions upon which Defendant relies do not convince the court that, on the facts that Plaintiffs allege, a different result is required in this case. The Recommendation's findings that the injury is fairly traceable to Defendant's action and that a judgment in Plaintiffs' favor could redress the alleged injury also are well founded. As the Recommendation correctly concluded, this action "should proceed to discovery" with the right of Defendant to reassert its standing challenge on the evidence, if appropriate. (Doc. # 39, at 19.)

The remaining two Rule 12(b)(6) challenges to the state-law claims carefully have been considered. Those grounds do not warrant rejection of the Recommendation, however. Those arguments may be reasserted at a later juncture after discovery, if necessary.

Overall, having considered the objections, the court finds that the Magistrate Judge recited the proper standards, accurately set out the facts, reached the appropriate result on the legal issues, and correctly applied the law to the facts. Accordingly, it is ORDERED as follows:

(1)   The Recommendation (Doc. # 39) is ADOPTED;

(2)   Defendant's objections (Doc. # 40) are OVERRULED;

(3)   Defendant's motion to dismiss (Doc. # 26) is GRANTED in part and Plaintiffs' state-law claim for invasion of privacy is DISMISSED; and

(4)   Defendant's motion to dismiss (Doc. # 26) is otherwise DENIED.

DONE this 29th day of September, 2015.

                                                      /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE