IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIE S. MCGEE, ADAM PARKER, MICHAEL HALL and JACK WHITTLE, <br><br> Plaintiffs, <br><br> vs. <br><br> TRIAD OF ALABAMA, LLC, d/b/a FLOWERS HOSPITAL, <br><br> Defendant. | CIVIL ACTION NO: 1:14-CV-00324 |

**PETITION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES RELATED TO CLASS SETTLEMENT AND AN INCENTIVE AWARD TO THE CLASS REPRESENTATIVES**

Class Counsel petitions this Honorable Court to: (1) determine and award a reasonable attorneys' fee of $103,697.13, (2) award expenses of $21,302.87 and (3) to authorize a $5,000 incentive award to each of the four named Class Representatives for their services related to the class action settlement with Defendant Triad of Alabama, LLC d/b/a Flowers Hospital (hereinafter "Flowers"). As grounds therefore and as outlined in more detail in the accompanying Memorandum of Law, Class Counsel respectfully states as follows:

1. **The Nature of the Employment and the Issues Presented.**

Class litigation was initially commenced against Flowers on May 5, 2014, seeking damages in connection with the theft of patient data from Flower's

1

laboratory. (Doc. 1). The alleged wrongdoing by Flowers is set forth in more detail in the complaint filed in this action, as amended from time to time. Class Counsel recognized at the outset that this case would involve complex and time consuming litigation involving extensive investigation, discovery and review of substantial records and files. Throughout the course of this litigation, Plaintiffs' claims have been vigorously pursued by Class Counsel and vigorously resisted and contested by Flowers and its able counsel. Eventually, following extensive litigation, the parties successfully reached a settlement only after mediating this matter on several occasions over the course of more than one (1) year.

### 2. The Measure of Success Achieved and the Value of the Employment.

The settlement recovery represents a monetary recovery to the Class of $150,000. Court approved notice of the settlement setting forth the amount of attorneys' fees and expenses requested by Class Counsel was mailed to the approximately 1,200 members of the class on September 20, 2018. The Settlement avoids the uncertainty of continued protracted litigation and the possibility of future appeals which could postpone any recovery and extend this litigation over a period of years.

### 3. The Weight of the Responsibility Assumed as a Result of the Employment.

The weight of the responsibility assumed by Class Counsel is significant. James M. Terrell of Methvin, Terrell, Yancey, Stephens & Miller, P.C. and M. Adam Jones and Jordan S. Davis of M. Adam Jones & Associates, LLC have been primarily responsible for litigating this matter. In addition, several other attorneys with these firms, as well as paralegals and law clerks, have devoted substantial efforts to the litigation.

Since litigation was initially commenced, our activities have included review and analysis of voluminous documents produced in this litigation, preparation and filing of numerous pleadings, including amending the Complaint; numerous discussions and meetings with Plaintiffs; preparation and presentation of Plaintiffs for deposition; preparation for and procurement of deposition testimony from Flowers' representatives and employees; preparation of submissions and exhaustive legal research at the trial court level on class certification, liability and contractual interpretation; preparation, evaluation and response to an extensive motion to dismiss filed by Flowers; preparation of a contested class certification motion and brief; attending hearings on discovery matters; numerous meetings and discussions with co-counsel to plan strategy over the course of four (4) years of litigation; extensive negotiations and mediation sessions surrounding the settlement and preparation, review and edification of settlement documentation.

Methvin, Terrell, Yancey, Stephens & Miller, P.C. and M. Adam Jones & Associates, LLC are relatively small law firms. A significant portion of our practices over the last four (4) years have been devoted to the Flowers litigation, which in turn has resulted in our firms being unable to devote resources and efforts to other matters during this time. Further, we handled this case on a contingency basis and placed at risk a substantial amount of attorney time, resources and expenses if a successful recovery had not been achieved.

Class Counsel's fee request is also well below the amount of actual attorney time that the two firms have expended in this case. Therefore, an attorneys' fee award of $103,697.13 constitutes a fair and reasonable attorneys' fee, particularly in view of the time expended and results achieved. Finally, absent the efforts of Class Counsel in this matter, it is unlikely that there would have ever been any recovery achieved on behalf of the Class Members for the claims brought in this litigation. It would not have been economically feasible or possible for numerous Class Members to individually assert and litigate these claims. Therefore, absent the efforts of Class Counsel, it is unlikely that the Class Members would have been able to obtain any recovery for the claims asserted.

### 4. Fee Customarily Charged in the Locality for Similar Legal Services.

"[I]n this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the

class." *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *see also In re Sunbeam Sec. Litig.*, 176 F.Supp.2d 1323, 1333 (S.D.Fla. 2001). Here, however, Flowers has established a claim process for Class Members and will pay all claims up to $150,000. This monetary claim process is not in the nature of a common fund. Further, Class Counsel's attorneys' fees will not be paid from a common fund and will instead be paid separately by Flowers. Class Counsel respectfully submits that the lodestar analysis is the proper approach for calculating attorneys' fees in this case. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983).

     **5.**    **The Learning, Professional Experience and Reputation of the Attorneys and the Skill and Labor Requisite to the Proper Discharge of the Employment Undertaken.**

Class Counsel respectfully leaves to this Honorable Court the determination as to the learning, experience and skill employed by Class Counsel in discharging their duties to the Class in connection with this case. *See* Firm Biographies of Class Counsel; attached as Exhibit "A" to Declaration of James M. Terrell ("Terrell Decl."); attached hereto as Exhibit "1" and Exhibit "A" to Declaration of M. Adam Jones ("Jones Decl."); attached hereto as Exhibit "2".

     **6.**    **Time Consumed, Reasonable Expenses and Fee Arrangement with the Clients.**

The fee arrangement of Class Counsel was solely and exclusively contingent upon the outcome of this case. Because this case proceeded as a class action, any

fee must first be determined and awarded by this Honorable Court. The litigation has been vigorously prosecuted for over four (4) years during which time Class Counsel has received no compensation. Class Counsel assumed all of the risks associated with a full contingent fee arrangement and would not be entitled to any fees if the litigation resulted in no recovery or a final judgment in favor of the Defendants. Additionally, Class Counsel expended $21,302.87 in un-reimbursed expenses related to this litigation. *See* Terrell Decl., Exh. 1 at ¶ 6; Jones Decl., Exh. 2 at ¶ 5. Reimbursement of these expenses was also contingent on a successful recovery in this case.

7. **The Nature and Length of a Professional Relationship, the Likelihood that a Particular Employment May Preclude Other Employment, and the Time Limitations Imposed by the Client or by the Circumstances.**

This case has required the devotion of substantial time and money by Class Counsel. The time and expense devoted to this case by Class Counsel necessarily precluded employment and attention to other matters and has, from time to time, required Class Counsel to turn down offers of other employment. Class Counsel did not previously represent any of the class representatives prior to filing this action.

8. **The Class Representatives Should Receive Incentive Awards.**

Class Counsel has applied to the Court, on behalf of the four appointed Class Representatives, for incentive awards not to exceed $5,000 each to compensate

them for their efforts on behalf of the Settlement Class. Plaintiffs and Class Counsel submit that this amount is fair and reasonable. Plaintiffs actively participated in the prosecution of this case and fully discharged their duties to the Class. Specifically, Plaintiffs met with Class Counsel to assist in the preparation of this case. Plaintiffs also responded to numerous discovery requests and sat for deposition. Moreover, Plaintiffs were fully prepared to attend the trial of the matter. Finally, Plaintiffs assisted Class Counsel in the settlement negotiations to fashion a settlement that provides valuable and significant relief to the Class.

**9. Conclusion.**

In conclusion, Class Counsel respectfully request that this Honorable Court award an attorneys' fee of $103,697.13. Class Counsel respectfully submits that this is an appropriate and reasonable fee award commensurate with the guidelines established by the Eleventh Circuit. Class Counsel also requests reimbursement of $21,302.87 in expenses incurred during the course of the litigation. Finally, Class Counsel requests that the Court authorize a $5,000 incentive award for each of the four appointed Class Representatives.

Respectfully submitted,

/s/ James M. Terrell
James M. Terrell (ASB-0887-L73J)
METHVIN, TERRELL, YANCEY,
STEPHENS & MILLER, P.C.
The Highland Building
2201 Arlington Avenue South
Birmingham, AL 35205
Telephone: (205) 939-0199
Email: jterrell@mtattorneys.com

M. Adam Jones
Jordan S. Davis
M. ADAM JONES & ASSOCIATES, LLC
206 N. Lena St.
Dothan, AL 36303-4429
Email: adam@adamjoneslaw.com
jordan@adamjoneslaw.com

**Class Counsel**

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2018, I electronically filed the foregoing with the Clerk of the United States District Court, Middle District of Alabama, using the CM/ECF system, which will send notification to all counsel of record.

/s/ James M. Terrell
OF COUNSEL