IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JULIE S. McGEE; ADAM PARKER; )
MICHAEL HALL; as the named )
Executor of the Estate of Sandra Hall; )
and JACK WHITTLE, individually )
and on behalf of all others similarly )
situated, )
)
        Plaintiffs, )
)
   v. ) CASE NO. 1:14-CV-324-WKW
) [WO]
TRIAD OF ALABAMA, LLC, )
d/b/a FLOWERS HOSPITAL, )
)
        Defendant. )

# **ORDER AND FINAL JUDGMENT**

Plaintiffs Julie S. McGee, Adam Parker, Michael Hall, and Jack Whittle (the Representative Plaintiffs) filed a Second Amended Class Action Complaint against Defendant Triad of Alabama, LLC d/b/a Flowers Hospital in 2014. (Doc. # 25.) On July 18, 2018, the parties entered into a Settlement Agreement. (Doc. # 123.)[1]

On December 17, 2018, the court held a fairness hearing to determine the answers to six questions. First, are the terms and conditions of the Settlement Agreement fair, reasonable, and adequate for the settlement of all claims pending in

---

[1] The court begrudgingly capitalizes certain terms to coincide with their use and definition in the Settlement Agreement. (*See* Doc. # 123-1, at 4–7.)

this action? Second, should the court approve the Settlement Agreement? Third, should the court enter judgment dismissing the Released Claims with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members? Fourth, should the court approve the plan of distribution proposed in the Settlement Agreement as a fair and reasonable method to allocate the Settlement proceeds among the Settlement Class Members? Fifth, what is a reasonable award of attorneys' fees and expenses to Class Counsel? And sixth, how much should be awarded as Class Representative Awards?

Settlement Class Members and Defendant were represented by counsel at the fairness hearing. No objectors appeared before, during, or after the hearing. Notice of the hearing, substantially in the form approved by the court, was mailed to all Settlement Class Members at the addresses in Defendant's records. (Doc. # 131-1.)

Before the court are the Representative Plaintiffs' Motion for Final Approval of Proposed Settlement, Final Certification of the Class, an Incentive Award to the Class Representatives and an Award of Attorneys' Fees and Expenses (Doc. # 130) and Class Counsel's Petition for Award of Attorneys' Fees and Expenses Related to Class Settlement and an Incentive Award to the Class Representatives (Doc. # 127). The parties consent to the entry of this Order. Based on the submissions of the parties and the arguments of counsel, it is ORDERED that:

1. The court has jurisdiction over the subject matter of the action, the Representative Plaintiffs, all Settlement Class Members, and Defendant. The court adopts as its findings of fact all stipulated and uncontradicted facts submitted by the parties about this proposed class settlement, both in writing and in court at the fairness hearing.

2. Under Federal Rule of Civil Procedure 23, the court confirms the certification of this action as a class action on behalf of the following Class:

> All non-hospital patients of Flowers Hospital, as defined on page four of the certification order, whose personal identifying information or protected health information was stolen or may have been stolen from Flowers Hospital by Kamarian Millender and/or his accomplice(s). Excluded from the class are the (i) owners, officers, directors, employees, agents and/or representatives of Defendant and its parent entities, subsidiaries, affiliates, successors, and/or assigns, and (ii) the court, court personnel, and members of their immediate families.

Also excluded from the Class are any individuals who previously requested exclusion from the Class.

3. The court finds that the 2018 amendments to Federal Rule of Civil Procedure 23 do not apply here. Those amendments apply to cases filed before December 2018 only if it is "just and practicable" to do so. H.R. Doc. No. 115-119, at 2 (2018). Applying the amendments to this action is not practicable because all proceedings about class certification (other than final approval) took place under the prior rule. That said, the court finds that the Settlement Agreement, the parties' submissions, and the arguments made at the fairness hearing satisfy the amended

requirements for approval of the Settlement Agreement.

4. On September 20, 2018, the Settlement Administrator mailed notices of the proposed settlement (the Notice) by First-Class mail to the Settlement Class Members as shown on the records maintained by Defendant. (Doc. # 131-1.) The Notice fully complied with Federal Rule of Civil Procedure 23, due process, and all other applicable laws. By December 14, 2018, 61 of approximately 1,196 Settlement Class Members had returned claim forms. No objections to the proposed Settlement Agreement were filed.

5. All Settlement Class Members who could be identified with reasonable effort were given due and adequate notice of the proceedings, of the pendency of this action as a class action, and of the proposed Settlement Agreement. The form and method of notifying the Settlement Class Members of the proceedings, of the pendency of this action as a class action, and of the terms and conditions of the proposed Settlement Agreement satisfied Federal Rule of Civil Procedure 23, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons and entities entitled to notice.

6. Because the Settlement Class Members received due and adequate notice of the proceedings, as well as a full opportunity to participate in the fairness hearing, it is determined that they are bound by this Order and Final Judgment.

7. The Settlement Agreement and the terms of the Settlement as described in the Settlement Agreement and the Notice are approved as fair, reasonable, and adequate. The Settlement Class Members and the Settling Parties are directed to consummate the Settlement Agreement in accordance its terms and conditions. The benefits provided to any one Class Representative or Class Member are fair and equitable relative to the other Class Representatives and Class Members.

8. The Second Amended Class Action Complaint is dismissed without costs, except as provided in the Settlement Agreement, against Defendant.

9. The plan for allocating the Settlement proceeds, as set forth in the Settlement Agreement, is approved as fair and reasonable. Class Counsel, counsel for Defendant, and the Settlement Administrator are directed to administer the Settlement Agreement in accordance with its terms and provisions. Settlement Class Members have been given a reasonable time in which to return claim forms.

10. The court finds that all parties and their counsel fully complied with Federal Rule of Civil Procedure 11 throughout this action.

11. The Representative Plaintiffs and each Settlement Class Member shall be deemed to have — and by operation of this Judgment shall have — fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons, as defined in Sections 1.17 and 1.18 in the Settlement Agreement.

12. All claims that were brought or could have been brought in the Second Amended Class Action Complaint (Doc. # 25) regarding the allegations in that complaint (the Released Claims) are released and forever discharged. The Released Claims are compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings in this action and this Order and Final Judgment.

13. To the fullest extent permitted by law, each Representative Plaintiff and each Settlement Class Member is permanently barred, enjoined, and prohibited — either directly, indirectly, representatively, as a member of or on behalf of the public or in any capacity — from commencing, prosecuting, participating, or pursuing any action of any nature against Defendant, its parent, subsidiary, or affiliated companies, its directors and officers, attorneys and insurers (the Released Parties), regarding any matter or allegation arising out of or connected to the Second Amended Class Action Complaint (other than participation in the settlement as provided in this Order). The court retains exclusive continuing jurisdiction to enforce the injunction provided for in this paragraph.

14. Neither this Order and Final Judgment, the Settlement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to in it, shall be:

    (a)    Offered or received against as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by

Defendant with respect to the truth of any fact alleged by the Representative Plaintiffs or the validity of any claim that has been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the action in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendant;

(b) Offered or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant;

(c) Offered or received against Defendant as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, Defendant may refer to the Settlement to effectuate the liability protection granted to it by the Settlement;

(d) Offered or received against Defendant as evidence of a presumption, concession or admission that the Class is properly certified for trial;

(e) Construed against Defendant as an admission or concession that the consideration to be given under the Settlement Agreement represents the amount that could be or would have been recovered after trial; or

(f) Construed as or received in evidence as an admission, concession or presumption against the Representative Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defense asserted by Defendant has any merit, or that damages recoverable under the Complaint would not have exceeded the total consideration paid by Defendant under the Settlement Agreement.

15. Each Representative Plaintiff is awarded a Class Representative Award of $5,000.00, to be paid in accordance with the Settlement Agreement. This amount is fair and reasonable relative to the benefits provided to the Class as a whole and

7

available to any given Settlement Class Member, as well as relative to the other Class Representatives.

16. Class Counsel are awarded Class Counsel Fees and Expenses in the total amount of $125,000.00, an amount the court finds to be fair and reasonable, to be paid in accordance with the Settlement Agreement. These Fees and Expenses were negotiated and agreed upon by the parties after they had agreed to the settlement benefits provided to the Class Members.

17. In awarding Class Representative Awards and Class Counsel Fees and Expenses in the amounts so ordered, the court has considered and found that:

   (a) The Settlement has created a substantial benefit for the Settlement Class Members;

   (b) The Settlement Administrator distributed 1,196 copies of the Notice to Settlement Class Members disclosing the proposed Class Representative Awards and the Class Counsel Fees and Expenses that Class Counsel intended to request from the court. No objections were filed challenging the terms of the proposed Settlement, the Class Representative Awards, or the fees and expenses to be requested by Class Counsel contained in the Notice;

   (c) Class Counsel filed a Petition for Award of Attorneys' Fees and Expenses Related to Class Settlement and an Incentive Award to the Class Representatives (Doc. # 127) eighteen days prior to the objection deadline, served notice of the filing of this Petition on the Settlement Class Members by U.S. Mail, and posted the Petition and accompanying Memorandum Brief on a website accessible by Settlement Class Members;

   (d) Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The action involves complex factual and legal issues, was actively prosecuted over four years, and, without a settlement, would involve even more proceedings, including possible appeals, with uncertain resolution of the complex factual and legal issues;

(f) Had Class Counsel not achieved the Settlement there would remain a significant risk that the Representative Plaintiffs and the Class may have recovered less or nothing from Defendant;

(g) Class Counsel provided supporting documentation of their lodestar, which exceeds the attorneys' fee requested here, and Class Counsel provided supporting documentation of their expenses incurred in litigating this case;

(h) Class Counsel are awarded the amount of $103,697.13 as an attorneys' fee and $21,302.87 to reimburse them for expenses associated with this lawsuit; and

(i) The amount of the award of Class Counsel Fees and Expenses is fair and reasonable, and it is consistent with awards in similar cases and the circumstances of this case. The attorneys' fee of $103,697.13 is approximately 37.7% of the total recovery available to the class.

18. This Order and Final Judgment shall not constitute any evidence or admission by Defendant or any other person that any acts of negligence or wrong doing of any nature were committed and shall not be considered to support any inference that there is any liability therefore.

19. No part of the amounts to be paid by Defendant under the Settlement Agreement constitutes (i) a fine or penalty under any law or (ii) a payment to settle any actual or potential liability for a fine or penalty under any law.

20. The effectiveness of the provisions of this Order and Final Judgment, and the obligations of the Representative Plaintiffs and Defendant under the

Settlement, are not conditioned upon or subject to the resolution of any appeal from this Order and Final Judgment that relates solely to the issue of Class Counsel's application for Class Counsel Fees and Expenses and/or Class Representative Awards.

21.   Without further order of the court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement, but the parties shall be permitted a minimum of 45 days from the claims deadline set forth in the court's August 21, 2018 Order. (Doc. # 126, at ¶ 7.)

22.   Without affecting the finality of this Order and Final Judgment, the court retains jurisdiction for one year from the date of this Order to protect and implement the Settlement and the terms of this Order and Final Judgment, including resolving any disputes that may arise over the effectuation of any Settlement provision, and for the entry of such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement and this Order and Final Judgment.

23.   On or before **April 1, 2019**, and every 90 days thereafter, the parties shall file a status report concerning the implementation of the Settlement Agreement.

24.   The Clerk of the Court is directed to enter this Order and Final Judgment on the docket. The Clerk of the Court is also directed to update the docket to reflect that there are now no pending motions.

DONE this 18th day of January, 2019.

                                            /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE